UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GAIL HENDERSON**, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **DOLLAR TREE STORES, INC.**, ) <br> **DIANA MELBO**, ) <br> **XYZ CORPORATIONS 1-3**, ) <br> **AND JOHN DOES 1-3**, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NO. <br><br> 1:22-mi-99999 |

## NOTICE OF REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-described action to the United States District Court for the Northern District of Georgia, Atlanta Division, from the State Court of Gwinnett County, Georgia where the action is now pending and states as follows:

1. The Plaintiff, Gail Henderson ("Henderson"), commenced this action in the State Court of Gwinnett County, Georgia on January 27, 2022 and process was served on Dollar Tree on February 2, 2022. A copy of Henderson's Complaint

setting forth the claim for relief upon which the action is based was first received by Dollar Tree on February 2, 2022. Thus, removal is timely filed.

2. This is a civil action for damages arising out of alleged injuries sustained in a fall at a Dollar Tree store located at 2120 West Spring Street, Monroe, Georgia 30655 ("Subject Premises").

3. The United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction by reason of the diversity citizenship of the parties. 28 U.S.C. § 1332.

4. This is a suit between citizens of different states. At the time she commenced this action and at all times thereafter, Henderson was and continues to be a citizen and resident of the State of Georgia.

5. Dollar Tree is a Virginia corporation with its principal place of business in Virginia. Therefore, Dollar Tree is a citizen of Virginia and not a citizen of Georgia.

6. Henderson's Complaint also names Defendant Diana Melbo, who is alleged to be a resident of Georgia, and is further alleged to have been employed by Dollar Tree as its "manager/store team leader" at the Subject Premises. (Compl. ¶¶ 5, 20).

7. The citizenship of Diana Melbo should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Henderson has no

possibility of recovery against her, and, therefore, she has been fraudulently joined solely for the purpose of defeating federal diversity jurisdiction. *See e.g.*, *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

8. Defendant Diana Melbo was not an owner or occupier of the Subject Premises within the meaning of O.C.G.A. § 51-3-1, and, as this Honorable Court has previously held, she did not "agree[] to assume complete control and custody of the [S]ubject [P]remises [in order to] be charged with the legal duties imposed upon an 'owner or occupier' under Georgia premises liability law." *Joy v. Wal-Mart Stores E.*, 2021 U.S. Dist. LEXIS 118534, at *10 (N.D. Ga. Mar. 23, 2021). Henderson was not an invitee of Defendant Diana Melbo, nor did Defendant Diana Melbo owe or breach any independent duty to Henderson. Therefore, Henderson cannot recover against Defendant Diana Melbo, and removal remains proper.

9. In her Complaint, Henderson contends she incurred special damages totaling $78,834.00. (Compl. ¶ 36). Thus, the matter in dispute exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs.

10. A copy of all pleadings and Orders served upon Dollar Tree is filed with this Notice and attached hereto as **Exhibit A**.

11. Dollar Tree will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

12. A copy of this Notice will be filed with the Clerk of the State Court of

Gwinnett County, Georgia as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Dollar Tree requests that this action proceed in this Court as an action properly removed to it pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 1st day of March, 2022.

Respectfully submitted,

**CARR ALLISON**

By: /s/ Sean W. Martin
**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**
*Attorneys for Defendants Dollar Tree Stores, Inc. and Diana Melbo*
736 Market St., Suite 1320
Chattanooga, TN 37402
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
sswanson@carrallison.com

## CERTIFICATE OF COMPLAINCE

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 1st day of March, 2022.

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Inna Voronkina, Esq.
Foy & Associates, P.C.
3343 Peachtree Road NE, Suite 350
Atlanta, GA 30326

**CARR ALLISON**

By: /s/ Sean W. Martin
**SEAN W. MARTIN, GA BAR #474125**